THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 In the Matter
 of the Care and Treatment of Kevin Paschal, Appellant.
 
 
 
 
 

Appeal From Aiken County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2011-UP-142
 Submitted February 1, 2011  Filed April
5, 2011

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Attorney General Deborah R.J.
 Shupe, and Assistant Attorney General Mark R. Farthing, all of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Kevin Paschal appeals his commitment to
 the South Carolina Department of Mental Health as a sexually violent predator. 
 On appeal, Paschal contends the trial court erred in denying his motion for a
 directed verdict because the State failed to prove his diagnosis of pedophilia.
  We affirm.[1]
A sexually
 violent predator is defined in the Sexually Violent Predator Act (the Act) as "a
 person who: (a) has been convicted of a sexually violent offense; and (b)
 suffers from a mental abnormality or personality disorder that makes the person
 likely to engage in acts of sexual violence if not confined in a secure
 facility for long-term control, care, and treatment."  S.C. Code Ann. § 44-48-30(1)
 (Supp. 2010).  "Mental abnormality" is defined as "a mental
 condition affecting a person's emotional or volitional capacity that
 predisposes the person to commit sexually violent offenses."  S.C. Code
 Ann. § 44-48-30(3) (2010).  The phrase "likely to engage in acts of sexual
 violence" is defined as a "propensity to commit acts of sexual
 violence . . . of such a degree as to pose a menace to the health and safety of
 others."  S.C. Code Ann. § 44-48-30(9) (2010).
"When ruling on a motion
 for a directed verdict, the trial court is concerned with the existence or nonexistence
 of evidence, not its weight." State v. Weston, 367 S.C. 279, 292,
 625 S.E.2d 641, 648 (2006).  "When reviewing a denial of a directed
 verdict, [an appellate court] views the evidence and all reasonable inferences
 in the light most favorable to the [S]tate."  Id.  A mental health
 expert's clinical opinion is sufficient, absent any other evidence, to support
 the trial court's denial of a motion for a directed verdict.  See In
 re Care & Treatment of Matthews, 345 S.C. 638, 646-48, 550 S.E.2d 311,
 315 (2001) (holding a mental health expert's clinical opinion of whether or not
 the accused should undergo in-patient treatment was sufficient by itself to
 affirm a denial of directed verdict).
Here, the State produced
 evidence that Paschal met both elements of sexually violent predator as defined
 in the Act.  A forensic psychiatrist testified Paschal's conviction of criminal
 sexual conduct with a minor in the second degree was a sexually violent
 offense.  Additionally, the forensic psychiatrist testified Paschal suffered
 from paraphilia not otherwise specified, which made him likely to engage in
 acts of sexual violence if not confined in a secure facility for long-term
 care, control, and treatment.  Thus,
 viewing the evidence in the light most favorable to the State, the evidence
 supported submitting the case to the jury.  
AFFIRMED.
FEW, C.J., and THOMAS and
 KONDUROS, JJ., concur.
 

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.